**MANSFIELD AMBULANCE SERVICE COMPANY, INC., dba Byrd Ambulance Service et al., Plaintiffs,**

v.

**John VOLPE, Secretary of the Department of Transportation, et al., Defendants.**

**Civ. A. No. 72-379.**

United States District Court,
S. D. Ohio, E. D.

Jan. 18, 1973.

R. Brooke Alloway and James DeLeone, Topper, Alloway, Goodman, DeLeone & Duffey, Columbus, Ohio, for plaintiffs.

William Milligan, U. S. Atty., and Gary Brinsfield, Asst. U. S. Atty., for the U. S.

Enid Rubenstein, Atty. for National Highway Traffic Safety Administration, Department of Transportation, Washington, D. C., for defendants.

## OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court upon the motions of all defendants to dismiss or in the alternative for summary judgment.

This is an action for both injunctive relief and monetary damages.[1] The plaintiff[2] has invoked the jurisdiction of the Court under the provisions of 23 U.S.C. § 401 et seq., and the standards and directives issued thereunder, 28 U.S. C. § 1331 and 28 U.S.C. § 1337. In deciding the motion the Court will consider the pleadings, the briefs, the affidavits and all other documents which are presently in the record.

The plaintiff Mansfield Ambulance Service, Inc., dba Byrd Ambulance Service, is an Ohio corporation engaged in the business of providing private ambulance service in the area of Byesville, Ohio and generally throughout Guernsey County, Ohio. The plaintiff seeks to enjoin the expenditure of certain federal funds for the purchase of emergency ambulance vehicles to be operated by the village of Byesville, Ohio.[3] It is the plaintiff's contention that the federal funds have been granted to Byesville in violation of the Highway Safety Act of 1966, 23 U.S.C. § 401 et seq. [hereinafter the Act] and the standards and directives issued thereunder.

Section 402(a) of the Act provides in pertinent part that:

Each State shall have a highway safety program approved by the Secretary, designed to reduce traffic accidents and deaths, injuries, and property damage resulting therefrom. Such programs shall be in accordance with uniform standards promulgated by the Secretary.

. . . . . .

Federal funds have been thereby appropriated to effectuate approved state highway safety programs. The authority to administer the Act has been vested in the Secretary of Transportation. 49 U.S.C. § 1652(f)(2).[4] The Secretary must utilize established nondiscretionary criteria set forth in 23 U.S.C. § 402(b)(1) in determining whether a state highway safety program shall be approved.

In accordance with the statutory mandate of § 402(a) the Secretary has promulgated standards for the regulation of the state highway safety programs. See Highway Safety Program Standards, 23 C.F.R. § 204.4 (1972). Of the sixteen standards promulgated by the Secretary, one, Standard No. 11, deals with emergency medical services. See Id. Highway Safety Program Standard No. 11. That standard requires that each state, in cooperation with its political subdivisions, shall have a program to insure prompt emergency treatment for individuals involved in highway accidents.

The National Highway Traffic Safety Administration has promulgated a multi-volume highway safety program manual. The purpose of the manual is to provide supplementation to the Highway Safety Program Standards and to present additional information to assist state and local agencies in implementing their highway safety programs. Volume 11 of the manual is entitled "Emergency Medical Services."[5]

---

1. This Court denied plaintiffs' request for a preliminary injunction per order of November 7, 1972.

2. Plaintiff prosecutes this action in his own behalf and also in behalf of a class of similarly situated individuals pursuant to the provisions of Rule 23, F.R.Civ.P.

3. Byesville has applied for and has been granted $30,240.00 for the purchase of two fully equipped ambulances together with the appurtenant emergency rescue accessories.

4. The Secretary has delegated the authority to carry out the Highway Safety Act of 1966 to the National Highway Traffic Safety Administrator. 49 C.F.R. § 1.51 (b) (1972). The Deputy Administrator has been delegated the authority to approve or disapprove comprehensive multi-year highway safety programs submitted by the States. 49 C.F.R. § 501.8(a) (1972). Basically, this authority has been redelegated by the Deputy to Regional Administrators. 49 C.F.R. § 501.8 (h) (1972).

5. Volume 11 of the manual is before the Court as Exhibit I to the affidavit of James E. Wilson.

The gravamen of the complaint, and plaintiffs' briefs, is that the grant of federal monies under the Act to Byesville has been made in violation of Chapter III, § 2(e) of Volume 11, Highway Safety Programs Manual. Section 2(e) provides as follows:

Provisions of EMS should not result in destructive competition; franchising should be considered in each response area to the extent required to help meet overall Statewide objectives.

Plaintiff contends that its emergency service adequately ministers to the needs of the Guernsey County area and that the installation of the federally funded emergency ambulance service in Byesville would have the effect of creating destructive competition with the plaintiffs' emergency ambulance service.

The Court is in agreement with the defendants' position that the plaintiffs' reliance upon Volume 11 of the manual is misplaced.

 As its foreward indicates, Volume 11 was designed by the National Highway Traffic Safety Administration " . . . to provide guidance to State and local governments on preferred highway safety practices." The manual sets forth generally preferrable policy considerations to be examined by the states in their formulation of emergency medical service programs. The manual goes no further. It is not a Standard promulgated by the Secretary pursuant to Congressional mandate. The manual does not, therefore, carry binding legal force and effect.

It cannot be gainsaid that the granting of federal funds for state or local emergency medical service programs is dependent upon compliance with the strictures of § 402(b)(1) of the Act and of the Standards as set forth in 23 C.F.R. § 204.[4] But the Court has searched in vain for any provision in ei-

ther the Act or the Standards which conditions the granting of § 402 funds upon compliance with provisions of the manual. It is the determination of the Court that § 402 funds may be properly granted and expended even if such a grant or expenditure would have the effect of violating a provision of the manual.[6]

From the foregoing it is clear that the complaint fails to state a claim upon which relief can be granted. For even if some destructive competition results to the plaintiffs' business, the plaintiff has failed to state a valid cause of action under either the Act or the Standards promulgated thereunder by the Secretary of Transportation.

Whereupon, it is the determination of the Court that the motions of the defendants to dismiss for failure to state a claim upon which relief can be granted are meritorious and therefore must be and the same hereby are granted.

This action is dismissed.

---

6. At least one other district court has also so held. *See* Roy Clark, d/b/a City Ambulance Service, and Kanawha Valley Ambulance Service, Inc., a corporation, in their own behalf, and in behalf of all ambulance operators and taxpayers similarly situated v. John Volpe, et al., Civil No. 72-259 (S.D.W.Va. filed Dec. 13, 1972) (*Memorandum Order*).